# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: DAVID KISSI, ET AL., LITIGATION (NO. III)**                    MDL No. 2425

## ORDER DENYING TRANSFER

**Before the Panel:**  Pursuant to 28 U.S.C. § 1407, *pro se* litigants David Kissi and his wife, Edith Truvillion (the Kissis), move to centralize this litigation in the Central District of California. This litigation currently consists of three actions, as listed on Schedule A, pending in the District of District of Columbia and the District of Maryland.  Bank of America, N.A. and Specialized Loan Servicing, LLC (collectively, BANA), plaintiffs in the District of Maryland action, and Wells Fargo Bank, N.A. (Wells Fargo), and the Mayor and City Council of Baltimore (the Mayor), defendants in one of the District of District of Columbia actions, all oppose centralization.

The motion for centralization is plainly frivolous and merits not only denial, but limitation of the Kissis' ability to continue taxing both the Panel's and the parties' limited time and resources.

## I.

An exhaustive history of the Kissis' conduct in the federal courts would be too long to set forth in this order, nor is it necessary.  Judge Thomas C. Wheeler of the U.S. Court of Federal Claims provides some background for the genesis of this litigation:

> [The Kissis] previously owned DK&R Company, Inc. ("DK&R").  Between 1993 and 1996, DK&R obtained three loans ("the DK&R loans"), two from the Money Store and one from Key Bank, N.A.   The [Small Business Administration (SBA)] guaranteed part of the loans, and the Kissis also personally guaranteed the loans.   After DK&R failed to make timely payments on the loans, the SBA paid its guarantee obligations and then sold the loans to Pramco II, LLC ("Pramco").   The SBA transferred the Money Store loans to Pramco on December 5, 2000 and transferred the Key Bank loan to Pramco on August 7, 2001.  On May 29, 2003, Pramco obtained a judgment against the Kissis in the sum of $328,279.55.

*Kissi v. United States*, 102 Fed. Cl. 31, 33 (2011) (internal citations omitted).  Thereafter, the Kissis engaged in what can only be described as a pattern of vexatious and harassing lawsuits against numerous entities and individuals connected to the *Pramco* litigation and the related bankruptcy proceedings. *See Kissi v. Clement*, C.A. No. 08-01784, 2008 WL 7526326, at *1-3 (N.D. Ohio Oct. 3, 2008) (describing subsequent litigation).

-2-

Mr. Kissi, in particular, has been deemed a vexatious litigant and enjoined from filing further lawsuits by four federal courts.  *See Kissi v. Pramco II, LLC*, 401 Fed. Appx. 786, 787 (4th Cir. 2010) (enjoining Kissi from filing any further appeals in the Fourth Circuit until sanction of $500 is paid to DLA Piper and a district court judge certifies his claim is not frivolous); *Kissi v. United States*, 102 Fed. Cl. at 36-38, *aff'd*, 2012 WL 2989265 (Fed. Cir. July 23, 2012) (enjoining Kissi from filing actions in Court of Federal Claims without leave of court); *Kissi v. Clement*, 2008 WL 7526326, at *5-6 (requiring Kissi to obtain leave of court before filing any further lawsuits in N.D. Ohio); *Pramco II, LLC v. Kissi*, C.A. No. 8:03-02241, Doc. No. 53-1 (D. Md. Oct. 10, 2003) (enjoining Kissi from continuing or filing further lawsuits in any federal or state court attempting to re-litigate the *Pramco* judgment).[1]  The District of Maryland recently denied Mr. Kissi's request to set aside the injunction in that court, observing that:

    1)    Kissi's dozens of vexatious lawsuits have been directed against numerous individuals as well as organizational entities, often against the same Defendants multiple times;

    2)    Both in his court papers and in out-of-court statements, Kissi has continuously maligned the individuals and organizations whom he has sued, including Judges of [the District of Maryland] and the U.S. Court of Appeals for the Fourth Circuit;

    3)    Kissi was sentenced to thirty (30) months plus one (1) day in prison for violating the terms of this Court's injunction, as part of a conviction on two (2) counts of bankruptcy fraud, three (3) counts of obstruction of justice, and two (2) counts of criminal contempt of Court;

    4)    Except for a few technical successes, Kissi has lost virtually every one of his lawsuits in both the trial courts and on appeal, where his pleadings hav[e] been consistently characterized as vexatious and harassing . . . .

*In re David M. Kissi Litig.*, M.C. No. 12-0287 (D. Md. Aug. 8, 2012).  A recent PACER search shows 96 separate civil actions involving David Kissi, most of which were initiated by him, since 1999.[2]  The Panel takes judicial notice of the Kissis' course of conduct in the federal judiciary before proceeding to the merits of their motion for centralization.

---

[1] The Baltimore County Circuit Court has also enjoined Mr. Kissi from suing his former counsel in the DK&R bankruptcy.  *See Kissi v. Stewart Title*, LLC, No. 03C12001191 (Md. Cir. Ct. - Baltimore Cnty. Oct. 25, 2012) (slip op.).

[2] This number does not reflect filings in the U.S. Bankruptcy Court or in state courts.

-3-

## II.

Where only a minimal number of actions are involved, the moving party generally bears a heavier burden of demonstrating the need for centralization. *See In re Transocean Ltd. Sec. Litig.*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010). The Kissis' motion, far from meeting this heavier burden, fails to meet any of the elements necessary for Section 1407 centralization.

The three actions that the Kissis propose to centralize share no common questions of fact. The two District of District of Columbia actions address: (1) Mr. Kissi's claim that he is owed a share of the proceeds of a settlement between the Mayor and Wells Fargo relating to litigation between those two parties arising from Wells Fargo's alleged improper mortgage practices in the City of Baltimore; and (2) what appears to be another collateral attack on the *Pramco* judgment. The District of Maryland action involves a request by BANA for a pre-filing injunction against the Kissis, arising from a number of lawsuits filed by them against BANA and related entities pertaining to the foreclosure and sale of two properties on Ammendale Road in Beltsville, Maryland (the Maryland properties). The only commonality between these actions is the Kissis' participation.

The factual questions presented in these three actions are not sufficiently complex or numerous to warrant centralization. Nor will centralization serve to enhance the convenience of the parties and witnesses or the just and efficient conduct of the actions. *See* 28 U.S.C. § 1407(a). Because each action is directed to a discrete subject matter, there is no threat of duplicative discovery or inconsistent pretrial rulings.

The Kissis' lone argument addressing convenience and efficiency—that centralization in the Central District of California will allow that court to resolve these actions pursuant to a consent order entered in an unrelated action, *Federal Trade Commission v. Countrywide Home Loans, Inc.*, C.D. Cal., C.A. No. 10-04193—is untenable. That action has been closed since 2010, and the Central District of California has already determined that the Kissis were not parties to the consent order and cannot shoehorn their claims relating to the *Pramco* litigation or the Maryland properties into that dispute. *See, e.g.*, *Kissi v. Bank of Am.-Countrywide, et al.*, C.A. No. 12-06356 (C.D. Cal. Aug. 3, 2012) (dismissing Kissi's complaint). Moreover, the Kissis' stated purpose for seeking transfer to the Central District of California—evading the perceived bias of the judges that have been assigned his actions in the District of District of Columbia and the District of Maryland—is not a proper basis for centralization. *See In re Isidoro Rodriguez Litig.*, 829 F. Supp. 2d 1379, 1380 (J.P.M.L. 2011) ("[P]laintiffs' request for centralization before an 'impartial panel' misconstrues the role of this Panel."). The purposes of Section 1407 clearly would not be advanced by transferring these actions to an unrelated proceeding in a far-away district that has been closed for more than two years.

## III.

Accordingly, on the basis of the papers filed, we find that centralization of this litigation is not warranted and will deny the motion. Indeed, we can envision no circumstance in which a lawsuit relating to the DK&R bankruptcy, the *Pramco* judgment, the Mayor's lawsuit against Wells Fargo,

or the disputes arising from the foreclosure and sale of the Maryland properties will merit centralization under Section 1407. The Kissis' disputes, to the extent they are valid, involve "mostly, if not entirely, local factual, legal and potentially administrative issues." *In re Brandywine Assocs. Antitrust & Mortg. Foreclosure Litig.*, 407 F. Supp. 236, 238 (J.P.M.L. 1976) (denying motion to centralize three foreclosure actions against different properties by the same borrower).

The patently frivolous nature of the Kissis' papers in this litigation, coupled with their history in other U.S. courts, leads the Panel to conclude that it is in the best interest of judicial resources, as well as the resources of the parties, to deter the Kissis from filing future frivolous centralization motions. Although this is the first motion by the Kissis that has reached a Panel decision, it is the third motion they have filed—all three of which have required briefing and motion practice by various parties in opposition.[3] Additionally, the Kissis have filed numerous papers and motions with the Clerk of the Panel that, on their face, lack multidistrict character. Given this conduct here and before other courts, some restraining mechanism is in order. Therefore, the Kissis are admonished not to file further motions for centralization regarding this subject matter, and we shall direct the Clerk of the Panel to accept no further documents for filing relating to the subject matter of this litigation without prior approval of the Panel.

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of the actions listed on Schedule A is denied.

IT IS FURTHER ORDERED that the Clerk of the Panel is directed to accept no document submitted by the Kissis for filing that relates to the subject matter of this litigation unless and until leave is granted by the Panel to file the same.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil           W. Royal Furgeson, Jr.
Paul J. Barbadoro           Marjorie O. Rendell
Charles R. Breyer           Lewis A. Kaplan

---

[3] *See In re David Kissi, et al.*, MDL No. 2390 (J.P.M.L. July 3, 2012) (mooted when dismissal of one of the constituent actions deprived the motion of its multidistrict character); *In re David Kissi, et al. (No. II)*, MDL No. 2399 (J.P.M.L. Aug. 23, 2012) (same).

**IN RE: DAVID KISSI, ET AL., LITIGATION (NO. III)**　　　　　　MDL No. 2425

## SCHEDULE A

District of District of Columbia

David Kissi v. U.S. Department of Justice, C.A. No. 1:12-01515
David Kissi v. Mayor and City Council of Baltimore City, et al., C.A. No. 1:12-01691

District of Maryland

Bank of America, N.A., et al. v. David Kissi, et al., C.A. No. 8:12-03266